# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 124-11-18 Vtec

| All Star Group, LLC SD Denial |
| --- |

# ENTRY REGARDING MOTION

Counts 1 to 4, Municipal DRB Subdivision (124-11-18 Vtec)

Title:          Objection to July 5th Court Order  (Motion 5)

Filer:          Jeffry Glassberg, Amanda Bodell, and Glassberg and Bodell Family, LLC

Attorneys:      Navah C. Spero and Celeste E. Laramie

Filed Date:     August 7, 2019

Response to Objection filed on August 19, 2019, by Attorney John M. Mazzuchi for All Star Group, LLC

**The objection is OVERRULED; Neighbors' Questions 1 through 4 are DISMISSED.**

All Star Group, LLC, ("All Star") seeks to subdivide its property located at 1451 Hallock Road in New Haven, Vermont, into two lots.  The Town of New Haven Development Review Board ("DRB") denied All Star's application.  All Star appealed the DRB's decision to this Court.  A group of neighbors ("Neighbors") cross-appealed.[1]  While the substance of this appeal relates to the size of the lots that will result from the proposed subdivision, the Court here considers a notice issue.

Pursuant to 24 V.S.A. § 4463(a), a municipal panel must hold a publicly noticed hearing before it approves a subdivision plat.  There is a further requirement that "[a] copy of the notice shall be sent to the clerk of an adjacent municipality, in the case of a plat located within 500 feet of a municipal boundary, at least 15 days prior to the public hearing."  Id.

Here, the record makes clear that the Town of Waltham ("Waltham") is an adjacent municipality within 500 feet of All Star's property.  It is also uncontested that Waltham did not receive a copy of the notice for the DRB hearings below pursuant to § 4463(a).

In response to this Court's July 5, 2019 Entry Order, the parties submitted their views on whether notice should be provided to Waltham to identify whether it had any concerns regarding

---

[1] Neighbors are Jeffry Glassberg, Amanda Bodell, and Glassberg and Bodell Family, LLC.

All Star's subdivision.[2]  Neighbors oppose this course of action, asserting that providing notice to Waltham now deprives them of the opportunity to argue four of the seven Questions in their Statement of Questions.  All Star considers the suggestion of providing Waltham with notice now, while this matter is on appeal, to be the least expensive and time-consuming remedy available to cure this procedural deficiency.

We begin by considering Neighbors' standing to argue the notice issue.  This Court is not responding to a motion regarding Neighbors' standing to assert this claim, but the record and the parties' arguments have revealed a plain defect that must be addressed.  A party's standing is an indispensable part of subject matter jurisdiction, and this Court has "an independent obligation to determine whether subject matter jurisdiction exists."  In re Charron 13-Lot PUD Preliminary Plat, No. 24-2-19 Vtec, slip op. at 1 n.1 (Vt. Super. Ct. Envtl. Div.) (June 7, 2019) (Durkin, J.) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)); Brod v. Agency of Nat. Res., 2007 VT 87, ¶ 8, 182 Vt. 234 (citation omitted).  "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter," this Court must respond accordingly.[3]  V.R.C.P. 12(h)(3); see also In re J.T. & C.T., 166 Vt. 173, 181 (1997) (citation omitted).

For standing, a party must present the Court with "the threat of actual injury to a protected legal interest" of their own, not mere speculation about a potential or generalized harm.  Brod, 2007 VT 87, ¶ 9; see also Parker v. Town of Milton, 169 Vt. 74, 77-78 (1998).  Vermont courts do not allow third-party standing where an uninjured party attempts to represent the interests of another, unrelated party that is capable of asserting its own rights.  Baird v. City of Burlington, 2016 VT 6, ¶ 15, 201 Vt. 112 (listing cases).

The Vermont Supreme Court applied these principles in a case analogous to the matter before us, In re UVM Certificate of Appropriateness, No. 2013-301 (Vt. Jan. 2014) (mem.).  The appellant in that case, a neighboring property owner, received notice of the relevant municipal hearing that fully satisfied the statutory notice requirements.  Id. at 1.  Because he premised his claims on alleged defects in the notice provided to *other* neighbors, the Supreme Court recognized that he could not maintain the appeal.  Id. at 2 (citing Warth v. Seldin, 422 U.S. 490, 499 (1975)).

Important to our analysis, the Supreme Court explained that the appellant could not assert notice issues on behalf of the other parties even though he qualified as an interested

---

[2]  While the present objection is effectively a motion to reconsider our July 5, 2019 Entry Order, it operates as a response to this Court's request for comments on the course of action proposed by that Entry Order.  Thus, we do not apply the rigorous standards relevant to motions to reconsider or amend.

[3]  We recognize that Neighbors claim party status as interested persons who participated before the DRB below pursuant to 10 V.S.A. § 8504(b)(1) and 24 V.S.A. §§ 4465(b)(3) and 4471(a).  As such, they are entitled to a presumption of standing that this Court will typically leave undisturbed absent a motion to dismiss.  V.R.E.C.P. 5(d)(2); see also Reporter's Notes—V.R.E.C.P. 5(d)(2).

Here, All Star has not challenged Neighbors' standing.  However, despite the presumption in favor of Neighbors' standing, we conclude that this Court has an overriding obligation to evaluate standing on its own motion when there are clear indications that our subject matter jurisdiction may be lacking.  See V.R.C.P. 12(h)(3); see also In re Pion Sand & Gravel Pit, No. 245-12-09 Vtec, slip op. at 19-20 (Vt. Super. Ct. Envtl. Div. July 2, 2010) (Durkin, J.) (denying an appellant party status under certain Act 250 criteria on the Court's own motion after recognizing a plain defect in standing).

person with standing to assert his substantive concerns with the proposed development. Id. The Supreme Court reasoned:

> By statute the litigant must meet the standard of an interested party. The parties agree that Porter meets this standard. As a matter of justiciability, the party must also have a sufficient stake in the issue which he seeks to raise. Not all interested parties have a legally recognized concern in every potential issue.

Id.

The Supreme Court concluded that this was the case even though interested parties have the right to seek review of "all questions arising out of or with respect to the implementation [of Chapter 117] by a municipality." Id. (quoting Garzo v. Stowe Bd. of Adjustment, 144 Vt. 298, 301 (1984); 24 V.S.A. § 4473). The fundamental standing requirement of an injury in fact still tempers the general freedom to raise issues with a permit application that this Court affords qualifying appellants. See id. at 2-3 (citing 13A C. Wright & A. Miller, Federal Practice and Procedure § 3531 (3d ed. 2008); Bischoff v. Bletz, 2008 VT 16, ¶ 21, 183 Vt. 285) (emphasizing that a party might have standing to advance one claim in a matter but not others).

This case law is instructive. Here, Neighbors do not allege any defect in the notice they received. They attended and participated in the municipal hearings on All Star's proposed subdivision. They exercised their right to appeal to this Court. Also, it is clear that the relevant sentence in 24 V.S.A. § 4463(a) was not included to protect Neighbors' interests; the sentence only relates to the rights afforded adjacent municipalities within 500 feet of a proposed subdivision. A separate statutory section, 24 V.S.A. § 4464(a), safeguards Neighbors' interests in proper notice. See Wool v. Menard, 2018 VT 23, ¶ 20, 207 Vt. 25 (reiterating that an invasion of a legally protected interest is required for an injury that confers standing). Further, had Waltham received notice, there is no indication that it would be unable to assert its own rights. See Baird, 2016 VT 6, ¶ 15.

While Neighbors' standing to challenge the substantive aspects of All Star's proposal is not disputed, and we do not consider it here, it is readily apparent that Neighbors lack standing to assert a procedural notice injury on Waltham's behalf where Neighbors' own interests are not affected. Because Neighbors cannot raise issues relating to the adequacy of the notice to Waltham, this Court is obligated to **DISMISS** Questions 1 through 4 of Neighbors' Statement of Questions.

This conclusion does not resolve the notice issue. The obligation that compelled the assessment of jurisdiction above also requires us to consider the implications of the alleged defect in notice. See V.R.C.P. 12(h)(3).

While All Star does not appear to contest that notice was not provided to Waltham pursuant to 24 V.S.A. § 4463(a), there is no indication that Waltham has interests to assert regarding All Star's subdivision. Further, the DRB's October 22, 2018 decision denying All Star's application reveals that a member of the Waltham Selectboard, Andrew Martin, attended the DRB's March 19, 2018 hearing on All Star's sketch plan. Thus, there is a strong possibility that Waltham had actual notice of All Star's proposal from the beginning.

Given the unique posture of the present matter—where the relevant party appears to have received actual notice and is not before the Court asserting any injury—we conclude that the course of action proposed in our July 5, 2019 Entry Order is appropriate. This Court must keep in mind our constant responsibility to "ensure summary and expedited proceedings consistent with a full and fair determination in every matter coming before the court." V.R.E.C.P. 1. Where there may not be any injury to redress, this Court will not engage in the superfluous exercise of delaying this appeal.

Accordingly, as suggested in our prior Entry Order, All Star shall immediately provide formal notice to Waltham. Evidence of such notice shall be filed with the Court in the form of a certificate of service. This notice should include copies of All Star's completed application form and this Entry Order. The notice should also advise Waltham that it should inform the Court and all parties no later than **Monday, September 23, 2019**, if it has any objection to this appeal moving forward without its participation.[4]

**So Ordered.**

Electronically signed on August 22, 2019 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

James C. Foley (ERN 1980), Attorney for Appellant All Star Group, LLC

John M. Mazzuchi (ERN 9917), Attorney for Appellant All Star Group, LLC

Cindy E. Hill (ERN 5390), Attorney for Interested Person Town of New Haven

Navah C. Spero (ERN 4585), Attorney for Cross-Appellants Jeffry Glassberg, Amanda Bodell, and Glassberg and Bodell Family, LLC

Celeste E. Laramie (ERN 8852), Attorney for Cross-Appellants Jeffry Glassberg, Amanda Bodell, and Glassberg and Bodell Family, LLC

---

[4] Should Waltham assert an interest in pursuing its rights, Neighbors assume that this Court will proceed to reopen the appeal under V.R.A.P. 4(c). On the contrary, this Court has not made any decision on what this hypothetical situation might demand. Nor have we determined the applicability of In re Mahar Conditional Use Permit to this matter, as Neighbors represent. 2018 VT 20, 206 Vt. 559. This Court's jurisdiction is limited to those actual cases or controversies that are immediately before it. In re Investigation into Programmatic Adjustments to Standard-Offer Program, 2018 VT 52, ¶ 13 (citing In re Constitutionality of House Bill 88, 115 Vt. 524, 529 (1949)); see also In re Regan Subdivision Permit, No. 188-9-09 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. June 18, 2013) (Durkin, J.) (citing In re Appeal of 232511 Invs., Ltd., 2006 VT 27, ¶¶ 18-19, 179 Vt. 409). Accordingly, we do not further address their discussion of V.R.A.P. 4(c) and Mahar Conditional Use Permit, or otherwise rule on this potential scenario.